IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
SOUTHERN DIVISION

| | | |
|---|---|---|
| TINA JOHNSTONE, § | | |
| Plaintiff, § | | |
| § | CIVIL ACTION NO. 4:13-cv-02800 | |
| V § | | |
| § | | |
| CAMIL I. KREIT, MD, individually, and § | | |
| CLEVELAND IMAGING & SURGICAL § | | |
| HOSPITAL, LLC d/b/a DIAGNOSTIC § | JURY DEMANDED | |
| HOSPITAL OF CLEVELAND, § | | |
| Defendants. § | | |

### PLAINTIFF, TINA JOHNSTONE'S, ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Tina Johnstone, hereinafter called Plaintiff, complaining of and about Camil Kreit, M.D. and Cleveland Imaging and Surgical Hospital, LLC d/b/a Diagnostic Hospital of Cleveland, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff, Tina Johnstone, resides in Montgomery County, Texas.

2. Defendant, Camil I. Kreit, M.D. ("Kreit") is an individual residing in Harris County, Texas, and may be served with process at his residence address of 2903 Tulip River Court, Kingwood, Texas 77345, or wherever he may be found.

3. Defendant Cleveland Imaging and Surgical Hospital, LLC d/b/a Diagnostic Hospital of Cleveland ("Hospital") may be served by serving its registered agent, Camil I. Kreit, M.D., at his registered agent address of 1017 South Travis, Cleveland, Texas 77327, or wherever he may be found.

## JURISDICTION & NATURE OF ACTION

4. The action arises and is brought under 42 U.S.C. 1981a and 42 U.S.C Sec. 20003, which were enacted to correct unlawful employment practices on the basis of sex. Additionally and in the alternative, this action is brought under 42 U.S.C. 1983 and 29 U.S.C. 206(d).

## CONDITIONS PRECEDENT

5. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety (90) days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

6. Plaintiff, Tina Johnstone, was employed by Defendant, Doctor's Diagnostic Hospital of Cleveland, as Director of Business and Development. Plaintiff was a salaried employee and was paid an annual salary of $78,000.00 with a $500.00 a month vehicle allowance. Plaintiff reported directly to Don Crow, the chief executive officer of Defendant. As of the time of her termination, Mr. Crow was entirely satisfied with Plaintiff's job performance.

7. Plaintiff was terminated by Hospital while Crow was out of the country on business. The pretext for her termination was that the hospital was cutting staff and was cutting everyone's pay by fifty percent. However, Plaintiff later learned that the hospital was not cutting personnel, or reducing the pay of its employees.

8. Shortly after her termination, Plaintiff learned that Kreit, the majority shareholder and a director/manager of Hospital, told others that Plaintiff earned too much money for a woman, and was a "glorified secretary," and needed to be terminated. On information and belief, Kreit, acting as a manager/director of Hospital, then ordered Don Vickers, Chief Information Officer of Hospital (whom Plaintiff did not report to in the normal course of her employment), to terminate Plaintiff because she made "too much money" for a woman.

## SEX DISCRIMINATION

8. Defendants, Diagnostic Hospital and Camil Kreit, M.D. intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

9. More specifically, Kreit ordered Hospital to discriminate against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a) by terminating Plaintiff because, in Kreit's opinion, she made too much money as a woman. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

## DAMAGES

13. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a. Plaintiff's actual damages;
   b. All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff;
   c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

  d. All reasonable and necessary costs incurred in pursuit of this suit;

  e. Compensation for emotional pain and suffering;

  f. Expert fees as the Court deems appropriate;

  g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole; and

  h. Punitive/exemplary damages as allowed by law.

### Jury Demand

Plaintiff hereby demands trial by jury.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Tina Johnstone, respectfully prays that Defendants, Cleveland Imaging and Surgical Hospital, LLC d/b/a Diagnostic Hospital of Cleveland and Camil I. Kreit, M.D. be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

    Respectfully submitted,

    HRBACEK & ASSOCIATES, PC

    By: /s/ Lee Keller King
     Lee Keller King
     lking@hrbacek.com
     Attorney-in-Charge
     Texas Bar No. 00792016
     Southern District Bar No: 18847
     130 Industrial Boulevard, Suite 110
     Sugar Land, Texas 77478
     Tel. (281) 240-2424
     Fax. (281) 240-7089
     ***Attorney for Plaintiff***
     ***Tina Johnstone***